IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHELTON R. THOMAS, | : |
| Plaintiff, | : |
| V. | : |
| | : NO. 5:22-cv-00012-TES-CHW |
| DOCTOR KENNETH COWENS, *et al.*, | : |
| | : Proceedings under 42 U.S.C. § 1983 |
| | : Before the U.S. Magistrate Judge |
| Defendants. | : |

## ORDER

Pending before the Court are Defendants Sanders and Fajardo's motions to set aside default. (Docs. 75, 85). The remaining Defendants, except for Defendant Maxie who remains in default, filed a motion for extension of time to complete discovery. (Doc. 78). Due to the cumbersome and prolonged service history in this case, the Court set a hearing on Defendant Fajardo's motion to open default. *See* (Doc. 79). A few days before the hearing, Defendant Sanders filed a motion to open default. The Court heard evidence concerning both motions at a hearing held on June 15, 2023. Based on the evidence introduced at the hearing and the posture of this case, the setting aside of default is warranted, along with and extension of discovery.

1. **Defendants Sanders and Fajardo's Motions to Set Aside Default**

Defendants Fajardo and Sanders were personally served on November 16, 2022. (Docs. 45, 63). After they did not respond to Plaintiff's complaint, defaults were entered against them on January 17, 2023. At the hearing, both defendants testified that, upon being served, they separately contacted the legal department at Augusta University and spoke to Denise Webster, who instructed them to forward the service paperwork to her. Having complied with this directive, they believed that Ms. Webster would coordinate their legal representation. Only after receiving notices

regarding that defaults were pending against them did they determine a problem existed. Defendant Fajardo again reached out to Ms. Webster who prepared a letter requesting legal representation. Defendant Sanders was given defense counsel's contact information after calling the Clerk of Court to confirm if her appearance at the hearing was necessary. Both Defendants then cooperated with counsel to file their motions to open default.

Defaults are viewed with disfavor, and there is a "strong policy of determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court may set aside any entry of default for "good cause," which generally requires the consideration of factors such as: "whether the default was culpable or willful, whether setting [the default] aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

There is no genuine suggestion on the present record of any culpable or willful conduct by Defendants for failing to timely answer Plaintiff's complaint, they have raised grounds for a potentially meritorious defense in this action, and there is no indication that Plaintiff will suffer from prejudice by litigating the merits of his claims through the ordinary legal process. Good cause exists to set aside the default which was entered against them. Therefore, Defendants Sanders and Fajardo's motions to set aside default (Docs. 75, 85) are **GRANTED**. Their answers or other responsive pleadings shall be filed as soon as possible, but not later than 21 days from the date of this Order.

2. **Motion to Extend Discovery**

In his opposition to Defendant Fajardo's motion to open default, Plaintiff raised concerns

that he would be prejudiced by having to restart discovery when discovery was in progress with the other, non-defaulted Defendants. (Doc. 76). Those Defendants, in turn, filed a motion to extend to expand and align the discovery period for all Defendants. (Doc. 78). Defendants motion to extend discovery is **GRANTED**. Discovery for all parties is extended until September 13, 2023. Dispositive motions are due on or before October 13, 2023.

### 3. Plaintiff's Motion to Correct Defendant Maxie's name

At the end of the hearing, Plaintiff reminded the Court about his motion to correct Defendant Maxie's name from Patricia Maxie to Pamela Glenn-Maxie. (Doc. 58). As explained in a previous order (Doc. 64, n. 1), the motion was denied because Defendant Maxie[1] was personally served with paperwork using the name "Pamela Maxie," and neither she nor the Deputy U.S. Marshal corrected her name on the proof of service. Out of an abundance of caution, the Clerk of Court is **directed** to amend the docket by adding "*also known as Pamela Glenn-Maxie*" to Defendant Maxie's name. Should Defendant Maxie make an appearance in this case, the docket will be amended to reflect her correct name.

**SO ORDERED**, this 20th day of June, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[1] Defense counsel explained that he has attempted to contact Defendant Maxie through the prison, the Georgia Department of Corrections, Augusta University, and Wellpath, without success. The default, which was entered against her on January 17, 2023, remains in place. With the entry of this Order, she is the only defendant in default.