IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SHELTON R. THOMAS, | : | |
| Plaintiff, | : | |
| V. | : | |
| | : | NO. 5:22-cv-00012-CAR-CHW |
| DOCTOR KENNETH COWENS, *et al.*, | : | Proceedings under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendants. | : | |

**ORDER**

Pending before the Court is Defendant Maxie's motion to set aside default. (Doc. 90). The Court conducted a hearing on the motion on August 17, 2023. (Doc. 93). Having considered the evidence introduced at the hearing and the posture of this case, the Court finds that setting aside default is proper. The Court, however, also finds it is appropriate to assess the costs incurred in personally serving Defendant Maxie.

1. **Defendant Maxie's Motion to Set Aside Default**

Defendant Maxie was personally served on November 16, 2022. (Docs. 46, 47). After she did not respond to Plaintiff's complaint, default was entered against her on January 17, 2023.[1] Defendant Maxie testified that she recalled learning about this suit when she received service paperwork for other co-Defendants. She recalled someone from the U.S. Marshals Service coming to the prison, but she did not recall the paperwork being for her or that she was personally served. She testified that she forwarded the co-Defendants' paperwork to her current and previous

---

[1] A default was also entered against Defendants Farjardo and Sanders. Following a hearing, the defaults against them were set aside, and the Court permitted them to answer Plaintiff's complaint. (Docs. 87, 89).

employers' legal departments.[2] She asserted that she did not learn that she was a defendant in this case until an administrative assistant from her former employer told her that the Georgia Department of Law was attempting to reach her. Defendant Maxie was out of work for surgery, but she contacted the Attorney General's office, at which time she learned that she was named as a defendant in this case and that she was in default. She has since cooperated with counsel to file the motion to set aside default. She further asserts that she has a meritorious defense.

Defaults are viewed with disfavor, and there is a "strong policy of determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court may set aside any entry of default for "good cause," which generally requires the consideration of factors such as: "whether the default was culpable or willful, whether setting [the default] aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

There is no genuine suggestion or evidence on the present record that Defendant Maxie acted in bad faith or with other culpable conduct in failing file a timely responsive pleading to Plaintiff's complaint. She asserts that she has a potentially meritorious defense in this action, and there is no indication that Plaintiff will suffer from prejudice by litigating the merits of his claims through the ordinary legal process. Good cause exists to set aside the default which was entered against her. Therefore, Defendant Maxie's motion to set aside default (Doc. 90) is **GRANTED**. Her answer or other responsive pleading shall be filed as soon as possible, but no later than 21 days from the date of this Order.

---

2 Defendant Maxie has worked at Macon State Prison for 10 years; however, the entity officially employing her changed from Augusta University to Wellpath on September 1, 2021.

2. **Payment of Costs**

While opening default is appropriate in this matter, it is appropriate to assess the costs associated with having to effect personal service on Defendant Maxie pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. Defendant Maxie, through her counsel, agreed to remit this fee to the U.S. Marshals Service before the hearing adjourned, but the exact amount was unknown to the Court at that time. The docket has since been updated to reflect the personal service costs. (Doc. 95). Defendant Maxie is hereby **ORDERED** to pay personal service costs in the amount of **$204.67**.

**SO ORDERED**, this 17th day of August, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge