IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHELTON R. THOMAS, | : |
| Plaintiff, | : |
| V. | : |
| DOCTOR KENNETH COWENS, *et al.*, | : Case No.: 5:22-cv-00012-CAR-CHW |
| | : Proceedings under 42 U.S.C. § 1983 |
| | : Before the U.S. Magistrate Judge |
| Defendants. | : |

# ORDER

On January 11, 2024, the parties in the case appeared before the Court for a hearing on Plaintiff's discovery motions, including four motions to compel and two motions for sanctions. The Court's orders on the motion, stated orally on the record, are summarized below.

*Plaintiff's First Motion to Compel (Doc. 100)*

Plaintiff's first Motion to Compel (Doc. 100) is **GRANTED** as to Plaintiff's Request for Production of Documents No. 14. Defendants are directed to conduct further investigation into whether any responsive documents exist and supplement their response accordingly. For the reasons stated on the record at the hearing, Plaintiff's first motion is **DENIED** as to all other enumerated requests.

*Plaintiff's Second Motion to Compel (Doc. 108)*

Plaintiff's second Motion to Compel (Doc. 108) is **GRANTED** as to Revised Interrogatory No. 6 to Defendant Cowens and Revised Interrogatory Nos. 4, 5, 6, and 7 to Defendant Tymes-Rhodes. Defendants are directed to supplement their responses to

describe their personal knowledge of or participation in the decisions or actions described. To the extent that it is necessary for said Defendants to refresh their recollection through consideration of the medical records, they are expected to do so. For the reasons stated on the record at the hearing, Plaintiff's second motion is **DENIED** as to all other enumerated requests.

*Plaintiff's Third Motion to Compel (Doc. 113)*

Plaintiff's third Motion to Compel (Doc. 113) is **GRANTED** as to Plaintiff's Second Request for Production of Documents Nos. 1, 2, and 5, and as to Plaintiff's Interrogatories to Defendant Judie Sanders Nos. 3, 4, 5, 6, and 10. As to the request for production of documents, Defendants are directed to conduct further investigation into whether any responsive documents exist and supplement their response accordingly. As to the interrogatories, Defendant Sanders is directed supplement her response to describe her personal knowledge of or participation in the decisions or actions described. To the extent that it is necessary for the Defendant to refresh her recollection by review of records, she is expected to do so. For the reasons stated on the record at the hearing, Plaintiff's third motion is **DENIED** as to all other enumerated requests.

*Plaintiff's Fourth Motion to Compel (Doc. 119)*

For the reasons stated on the record at the hearing, Plaintiff's fourth Motion to Compel (Doc. 119) is **DENIED**.

*Plaintiff's First Motion for Sanctions (Doc. 98)*

For the reasons set forth on the record at the hearing, Plaintiff's first Motion for Sanctions (Doc. 98) is **DENIED**. This motion relates to video evidence of Plaintiff's encounter with Defendant Priscilla McKellar on October 29, 2020, from which Plaintiff's retaliation claim against Defendant Priscilla McKellar arises. Defendant McKellar does not dispute that video recordings of that encounter were made in the ordinary course of business but contends that the recordings were overwritten after 30 days pursuant to a policy that video recordings to be maintained beyond 30 days only when connected to an incident report. Although Plaintiff has shown that the recordings could have some probative value as to his retaliation claim, he has not shown that any Defendant in this case had a duty to preserve that evidence or that the prison administration had a duty to preserve the recordings. Plaintiff has not shown that his reference to the video recordings in his grievances, and his request in those grievances that the recordings be maintained, was sufficient to notify the appropriate officials that these recordings were potential evidence in a civil case. Any prejudice from the lack of video evidence may also be cured through appropriate cross examination. There is nothing in the record to indicate that anyone acted in bad faith or deliberately sought to impede the litigation in this case. *See generally, Stanfill v. Talton*, 851 F. Supp. 2d 1346, 1361 (M.D. Ga. Mar. 29, 2012). Accordingly, sanctions for spoliation are not warranted at this time, but this order shall not foreclose Plaintiff's ability to request an adverse inference jury instruction at trial, should additional evidence so warrant.

*Plaintiff's Second Motion for Sanctions (Doc. 103)*

For the reasons set forth on the record at the hearing, Plaintiff's second Motion for Sanctions (Doc. 103) is **DENIED**. This motion concerns Plaintiff's requests for copies of his sick call requests. Defendants in their response submitted the Declaration of Patricia Maxie (Doc. 15-3), who states that prior to May 2022, sick call requests were not entered into inmate medical records and were separately retained for only six months. Plaintiff has not shown that any appropriate person was put on notice of a duty to retain these documents. In his reply to Defendants' response to his motion, Plaintiff has submitted what purports to be a letter to Defendant Dr. Cowens dated February 25, 2020 (Doc. 123-1), in which Plaintiff states, "This letter serve to give you and all medical staff to preserve all of the above named inmate medical request form and any response from this day forward . . . This demand come as pending litigation in the future and need them as evidence." The document indicates that "DW McKenzie" and "P. Maxie, DON" were copied on the letter. This document is of limited credibility, as there is nothing to indicate that it was actually produced on the date shown or delivered to any of the named recipients. In any event, Plaintiff has not shown that these sick call forms would be crucial to his case. These documents would appear to be cumulative of other evidence from the medical records and Plaintiff's own testimony. Plaintiff's sick call requests would be minimally relevant to the key issue in this case, whether Plaintiff had a serious medical need and whether the care he received was constitutionally adequate. He is able to testify about the number of times he requested medical care and will not be substantially prejudiced by the lack of

4

documentation of those requests. *See generally, Stanfill*, 851 F. Supp. 2d at 1361. Accordingly, sanctions for spoliation are not warranted at this time, but this order shall not foreclose Plaintiff's ability to request an adverse inference jury instruction at trial, should additional evidence so warrant.

*Defendants' Motion for Extension of Time to File Dispositive Motions (Doc. 131)*

Defendants' Motion for Extension of Time to File Dispositive Motions (Doc. 131) is **GRANTED**. Defendants shall serve Plaintiff with the supplemental discovery responses ordered above no later than February 12, 2024. Any motions for summary judgment shall be due on or before March 13, 2024.

*Plaintiff's Motion for Leave to File Documents Without Serving Copies on Defendants (Doc. 110)*

Plaintiff's Motion for Leave to File Documents Without Serving Copies on Defendants (Doc. 110) is **GRANTED**. Defendants have agreed to waive the service of documents by mail and accept the Court's electronic notice of filing of documents as adequate service under Rule 5(b) of the Federal Rules of Civil Procedure.

**SO ORDERED**, this 12th day of January, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge