IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHELTON R. THOMAS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | No. 5:22-CV-12 (CAR) (CHW) |
| : | |
| DOCTOR KENNETH COWENS, : | |
| *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

# ORDER

Before the Court is Plaintiff's Objection to the United States Magistrate Judge's January 12, 2024 Order denying Plaintiff's Motions for Sanctions. Plaintiff sought sanctions for Defendants' alleged spoliation of evidence. The Magistrate Judge denied the Motions and found sanctions were not warranted. Plaintiff objects to the denial of his Motions, arguing he gave Defendants sufficient and credible notice to preserve video footage from October 29, 2020, and copies of Plaintiff's sick call requests. As explained below, the Court **OVERRULES** Plaintiff's Objection [Doc. 136]. The United States Magistrate Judge's January 12, 2024 Order [Doc. 135] denying Plaintiff's Motions for Sanctions [Docs. 98, 103] is **AFFIRMED**.

1

"When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy."[1] "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."[2]

Plaintiff first argues he sufficiently notified Defendants to preserve the video footage, Defendants' failure to preserve it should result in sanctions, and the Magistrate Judge's finding otherwise unlawfully places a higher burden on him because he is a prisoner. Plaintiff relies on an unreported case from the United States District Court for the District of Nevada that held a plaintiff inmate's grievance filed two days after his detention sufficiently notified the defendants that litigation was likely to ensue, and therefore sanctions were proper.[3]

Aside from the fact this case is not controlling on the Court,[4] whether or not Defendants had a duty to preserve the video evidence does not change the ultimate decision not to sanction Defendants. "[A]nticipation of litigation is not the standard for

---

[1] Federal Rule of Civil Procedure 72(a).
[2] *Id.*
[3] *Cooley v. Marshal*, No. 2:09-cv-00559-RLH-GWF, 2011 WL 6026137, *2 (D. Nev. Dec. 2, 2011).
[4] "Under the established federal legal system the decisions of one circuit are not binding on other circuits." *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981); "Unpublished decisions are not binding authority." *Collado v. J. & G. Transp., Inc.*, 820 F.3d 1256, 1259 n.3 (11th Cir. 2016).

spoliation sanctions—bad faith is."[5] The Magistrate Judge determined there was no evidence of bad faith or a deliberate effort to impede the litigation. Thus, no sanctions are warranted. After review, the Court finds that the Magistrate Judge's Order denying Plaintiff's Motion for Sanctions [Doc. 98] was not clearly erroneous or contrary to law. Thus, Plaintiff's Objection is **OVERRULED**.

Plaintiff next objects to the Magistrate Judge's denial of his Motion for Sanctions [Doc. 103] for spoliation of copies of his sick call requests. Plaintiff argues his letter dated February 25, 2020 [Doc. 123-1] is credible evidence showing Defendants had a duty to preserve Plaintiff's medical request forms. The Magistrate Judge found the letter had limited credibility, the allegedly spoliated evidence was not crucial to Plaintiff's case, and the evidence appeared to be cumulative of the medical records and Plaintiff's testimony.

Again, whether Defendants had a duty to preserve the evidence does not change the outcome because the Magistrate Judge determined sanctions were not warranted. Factors the Court evaluates in determining whether to impose sanctions for spoliated evidence, in addition to bad faith, include (1) whether the party seeking sanctions was prejudiced as a result of the destruction of evidence and whether any prejudice could be cured, (2) the practical importance of the evidence, and (3) the potential for abuse if sanctions are not imposed.[6] The Magistrate Judge found sanctions were not warranted

---

[5] *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1183 (11th Cir. 2020).
[6] *Id.* at 1184.

because the requested evidence would be "minimally relevant" to the key issues in this case and cumulative of other evidence. Further, the Magistrate Judge noted that the possibility of Plaintiff getting an adverse inference jury instruction at trial was not foreclosed, which would cure any prejudice from the spoliation. After review, the Court finds that the Magistrate Judge's Order denying Plaintiff's Motion for Sanctions [Doc. 103] was not clearly erroneous or contrary to law. Thus, Plaintiff's Objection is **OVERRULED**.

In sum, the Court **OVERRULES** Plaintiff's Objection [Doc. 136]. The United States Magistrate Judge's January 12, 2024 Order [Doc. 135] denying Plaintiff's Motions for Sanctions [Docs. 98, 103] is **AFFIRMED**.

**SO ORDERED,** this 23rd day of April, 2024.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT